IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-01659-BO

MATTHEW JONES, )
 )
        Plaintiff. )
v. )
 )    O R D E R
NORTH CAROLINA STATE POLICE, )
and JACKSONVILLE POLICE )
DEPARTMENT, )
 )
        Defendants. )

This matter is before the Court on the Memorandum and Recommendation (M&R) of United States Magistrate Judge Robert B. Jones, Jr. [DE 3]. On 12 February 2024, Judge Jones recommended that Plaintiff's complaint be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). On 23 February 2024, Plaintiff timely objected to the M&R. [DE 4].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). From this axiom, however, springs the corollary that not every objection warrants de novo review.

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court

of the true grounds for the objection.' " *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). The specificity analysis turns on whether the grounds for objection are clear. *Elijah*, 66 F.4th at 460 "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Id.* When determining whether an objection is either specific or general, the court must remain "mindful of [its] responsibility to construe pro se filing liberally." *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Here, Plaintiff has filed objections to the M&R; but those objections lack the specificity that triggers de novo review. Even with the most liberal construction, they are difficult to follow. The objections are incoherent and nonsensical and fail to direct the Court to any specific error in the M&R. For that reason, the Court reviews the M&R for clear error. And, having considered both the M&R and the record, the Court finds no clear error on the face of the record. The Court, therefore, adopts the M&R.

For these reasons, the Court ORDERS as follows: the M&R [DE 3] is ADOPTED. Plaintiff's complaint [DE 1] is DISMISSED. The Clerk is DIRECTED to close this case.

SO ORDERED, this 3 day of July 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE